**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| T-REX PROPERTY AB,<br><br>           Plaintiff,<br><br>     v.<br><br>OUTFRONT MEDIA, INC., OUTFRONT MEDIA CITYLITES, LLC, OUTFRONT MEDIA GROUP, LLC, OUTFRONT MEDIA, LLC AND OUTFRONT MEDIA MINNESOTA, LLC<br><br>           Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff T-Rex Property AB, by and through its undersigned counsel, files this Complaint

against Defendants Outfront Media, Inc., Outfront Media CityLites, LLC, Outfront Media

Group, LLC, Outfront Media, LLC and Outfront Media Minnesota, LLC as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283 and 284.

### PARTIES

2.      Plaintiff T-Rex Property AB is a company organized and existing under the laws

of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

3.      On information and belief, Defendant Outfront Media, Inc. is a publically traded

company, incorporated under the laws of the State of Maryland. On information and belief,

Outfront Media, Inc. has continuously maintained a place of business at 815 Hwy 169 North,

Minneapolis, MN 55441.

4.      On information and belief, Defendant Outfront Media CityLites, LLC is a New York company with its principal executive office located at 800 Third Ave 28th floor, New York, NY 10022. On information and belief, Defendant Outfront Media CityLites, LLC is a subsidiary of Outfront Media, Inc.

5.      On information and belief, Defendant Outfront Media Group, LLC is a Delaware company with its home office located at 2711 Centerville Rd #400 Wilmington, DE 19808. On information and belief, Defendant Outfront Media Group, LLC is a subsidiary of Outfront Media, Inc.

6.      On information and belief, Defendant Outfront Media, LLC is a Delaware company with its principal executive office located at 405 Lexington Avenue, New York, NY 10174. On information and belief, Defendant Outfront Media, LLC is a subsidiary of Outfront Media, Inc.

7.      On information and belief, Defendant Outfront Media Minnesota, LLC is a New York company with its principal executive office located at 800 Third Ave 28th floor, New York, NY 10022. On information and belief, Defendant Outfront Media Minnesota, LLC is a subsidiary of Outfront Media, Inc.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendants Outfront Media, Inc., Outfront Media CityLites, LLC, Outfront Media Group, LLC, Outfront Media, LLC and Outfront Media Minnesota, LLC are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Minnesota Long-Arm Statute, due to their substantial business in this forum. On information and belief, Outfront Media, Inc. regularly transacts business in this State—directed by a regional vice

president of the company who is responsible for business operations in Minnesota and two other

states. In addition, Outfront Media, Inc. conducts substantial business in this forum through its

place of business at 815 Hwy 169 North, Minneapolis, MN 55441, which is located within this

Judicial District, and through the activities of four of its subsidiaries: Outfront Media CityLites,

LLC, Outfront Media Group, LLC, Outfront Media, LLC and Outfront Media Minnesota, LLC.

Furthermore, this Court has personal jurisdiction over Outfront Media, Inc., Outfront Media

CityLites, LLC, Outfront Media Group, LLC, Outfront Media, LLC and Outfront Media

Minnesota, LLC because, as described further below, the Defendants have committed acts of

patent infringement giving rise to this action within the State of Minnesota and have established

minimum contacts such that the exercise of personal jurisdiction over Outfront Media, Inc.,

Outfront Media CityLites, LLC, Outfront Media Group, LLC, Outfront Media, LLC and

Outfront Media Minnesota, LLC does not offend traditional notions of fair play and substantial

justice.

10.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

11.     The allegations set forth in the foregoing paragraphs 1 through 10 are hereby re-alleged and incorporated herein by reference.

12.     On January 16, 2007, U.S. Patent Number RE39,470, entitled "Digital

Information System," was duly and legally issued by the United States Patent and Trademark

Office.  A true and correct copy of the '470 Patent is attached as Exhibit A to this Complaint.

13.     On August 6, 2002, U.S. Patent Number 6,430,603, entitled "System for Direct

Placement of Commercial Advertising, Public Service Announcements and Other Content on

Electronic Billboard Displays," was duly and legally issued by the United States Patent and

Trademark Office.  A true and correct copy of the '603 Patent is attached as Exhibit B to this Complaint.

14.     On June 3, 2008, U.S. Patent Number 7,382,334, entitled "Digital Information System," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '334 Patent is attached as Exhibit C to this Complaint.

15.     T-Rex is the assignee and owner of the right, title and interest in and to the '470, '603, and '334 Patents (henceforth collectively the "patents-in-suit"), including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE39,470

16.     The allegations set forth in the foregoing paragraphs 1 through 15 are hereby re-alleged and incorporated herein by reference.

17.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '470 Patent by making, using, offering for sale, selling, or importing devices or systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps of receiving control instructions from at least one external information mediator, using the control instructions to generate an exposure list that specifies three or more of the following items: i) what information content is to be displayed; ii) at which of a plurality of locations the information content is to be displayed; iii) when the information content is to be displayed for each location at which content is to be displayed; and  iv) how long the information content is to be displayed for each location at which content is to be displayed, displaying images at one or more of the locations in accordance with the exposure list, and

permitting the exposure list to be dynamically updated as claimed in at least claim 25 of the '470 Patent, without the authority of T-Rex.

18.     Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '470 Patent by operating digital billboards in Minnesota.

19.     Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '470 Patent by operating more than 1,800 digital billboards and other out-of-home digital signage display units throughout the United States.

20.     T-Rex provided actual notice to Defendants of the '470 Patent, and specifically referred to claim 25 of the '470 Patent, in a June 10, 2010 letter sent by Federal Express to the predecessor company of Defendant Outfront Media, Inc.

21.     T-Rex provided actual notice to Defendants of their infringement of the '470 Patent in a complaint filed in United States District Court for the Eastern District of Texas on June 14, 2012 against the predecessor company of Defendant Outfront Media, Inc. This complaint was voluntarily dismissed by T-Rex without prejudice on November 19, 2012 due to improper venue.

22.     Defendants have had actual knowledge of the '470 Patent since at least the date that Defendants received the June 10, 2010 letter. Defendants have had constructive knowledge of the infringing nature of their activities, or at least a willful blindness regarding the infringing nature of their activities, with respect to the '470 Patent since at least the date that Defendants received the June 10, 2010 letter.

23.     Despite Defendants knowledge of the '470 Patent and their constructive knowledge of their infringing actions, on information and belief, Defendants thereafter continued

to infringe the patent. On information and belief, Defendants' infringement has been and continues to be willful since at least June 10, 2010.

24.     Defendants have had actual knowledge of the '470 Patent and actual knowledge of their infringement of the '470 Patent since at least June 14, 2012, the date that T-Rex filed its complaint for patent infringement in United States District Court for the Eastern District of Texas.

25.     Despite Defendants knowledge of the '470 Patent and knowledge of their infringing actions, on information and belief, Defendants thereafter continued to infringe '470 Patent. On information and belief, Defendants' infringement has been and continues to be willful since at least June 14, 2012.

26.     Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

<strong><u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,430,603</u></strong>

27.     The allegations set forth in the foregoing paragraphs 1 through 26 are hereby re-alleged and incorporated herein by reference.

28.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '603 Patent by making, using, offering for sale, selling, or importing systems, in this judicial district and elsewhere in the United States (directly or through intermediaries), that include a network interconnecting a plurality of electronic displays provided at various geographic locations, a means for scheduling the presentation of video or still-image

6

content at selected time slots on selected electronic displays of the network and receiving the video or still-image content from a content provider, and a transmission means in communication with the receiving means for communicating scheduled content to respective server devices associated with corresponding selected electronic displays of the network, where each associated device initiates display of the video or still-image content at selected times on a corresponding selected electronic display of the network as claimed in at least claim 13 of the '603 Patent, without the authority of T-Rex.

29.     Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '603 Patent by operating digital billboards in Minnesota.

30.     Upon information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '603 Patent by operating more than 1,800 digital billboards and other out-of-home digital signage display units throughout the United States.

31.     Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,382,334

32.     The allegations set forth in the foregoing paragraphs 1 through 31 are hereby re-alleged and incorporated herein by reference.

33.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '334 Patent by making, using, offering for sale, selling, or importing

devices or systems, in this judicial district and elsewhere in the United States (directly or through

intermediaries), that perform the steps of generating an exposure list comprising control

instructions for coordinating and controlling electronic displays with regard to what shall be

exposed, when it shall be exposed, where it shall be exposed and for how long it shall be

exposed, using a control center for coordinating and controlling electronic displays, where the

control center is able to create and update the exposure list in real time, with control instruction

fields via dynamic booking of information, in time for exposure, from mediators, and where the

exposure list enables each electronic display to be controlled, independently of other electronic

displays, to receive the same or different information in accordance with the exposure list for the

exposure of respective electronic display as claimed in at least claim 22 of the '334 Patent,

without the authority of T-Rex.

34.     Upon information and belief, Defendants have directly infringed and continue to

directly infringe one or more claims of the '334 Patent by operating digital billboards in

Minnesota.

35.     Upon information and belief, Defendants have directly infringed and continue to

directly infringe one or more claims of the '334 Patent by operating more than 1,800 digital

billboards and other out-of-home digital signage display units throughout the United States.

36.     T-Rex provided constructive notice to Defendants of the '334 Patent in a June 10,

2010 letter sent by Federal Express to the predecessor company of Defendant Outfront Media,

Inc. In the June 10, 2010 letter, T-Rex identified the '470 Patent, which shares the same parent

application as the '334 Patent.

37.     T-Rex provided constructive notice to Defendants of their infringement of the

'334 Patent in a complaint filed in United States District Court for the Eastern District of Texas

on June 14, 2012 against the predecessor company of Defendant Outfront Media, Inc. The June 14, 2012 complaint alleged infringement of the '470 Patent, which shares the same parent application as the '334 Patent. This complaint was voluntarily dismissed by T-Rex without prejudice on November 19, 2012 due to improper venue.

38.     Defendants have had constructive knowledge of the '334 Patent and of the infringing nature of their activities, or at least a willful blindness regarding the infringing nature of their activities, with respect to the '334 Patent since at least the date that Defendants received the June 10, 2010 letter.

39.     Despite Defendants constructive knowledge of the '334 Patent and of their infringing actions, on information and belief, Defendants thereafter continued to infringe the patent. On information and belief, Defendants' infringement has been and continues to be willful since at least June 10, 2010.

40.     Defendants have had constructive knowledge of the '334 Patent and of the infringing nature of their activities, or at least a willful blindness regarding the infringing nature of their activities, with respect to the '334 Patent since at least June 14, 2012, the date that T-Rex filed its complaint for patent infringement in United States District Court for the Eastern District of Texas.

41.     Despite Defendants constructive knowledge of the '334 Patent and of their infringing actions, on information and belief, Defendants thereafter continued to infringe '334 Patent. On information and belief, Defendants' infringement has been and continues to be willful since at least June 14, 2012.

42.     Because of Defendants' infringing activities, T-Rex has suffered damages and will continue to suffer damages in the future. T-Rex is entitled to recover from Defendants the

damages sustained by T-Rex as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.      an adjudication that Defendants have infringed the '470, '603 and '334 Patents;

B.      an award of damages to be paid by Defendants adequate to compensate T-Rex for Defendants' past infringement of the '470, '603 and '334 Patents and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      an injunction ordering Defendants to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D.      an award of treble damages under 35 U.S.C. § 284; and,

E.      an award to T-Rex of such further relief at law or in equity as the Court deems just and proper.

Dated:  March 23, 2015                Respectfully submitted,

                                      */s/ David P. Swenson*

                                      David P. Swenson
                                      Peter Thomas
                                      FARNEY DANIELS PC
                                      100 North Sixth Street, Suite 445A
                                      Minneapolis, MN 55403
                                      Tel: (612) 424-9220
                                      Fax: (612) 424-9230
                                      Email: dswenson@farneydaniels.com
                                      Email: pthomas@farneydaniels.com

                                      **Attorneys for Plaintiff**
                                      **T-Rex Property AB**